# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZAR MOUBARK YOUSIF ELHASSAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | Case No. 1:26-cv-04289-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 10) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends denying the petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner is a citizen of Sudan who entered the United States on September 12, 2024 pursuant to a K-1 visa with authorization to remain in the United States until March 11, 2025. (ECF No. 7-1 at 1, 2; ECF No. 7-2 at 1.[1]) On or about September 28, 2025, the Canadian Border Service Agency stopped Petitioner, denied his entry into Canada, and returned him to the United States. Petitioner was then detained by U.S. immigration authorities and placed in removal proceedings. (ECF No. 7-1 at 2; ECF No. 7-2.)

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

On November 21, 2025, Petitioner was provided with a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a) with his counsel present. An immigration judge ("IJ") denied bond, finding Petitioner to be a flight risk. (ECF No. 7-4; ECF No. 13-1.) Petitioner has appealed the denial of bond to the Board of Immigration Appeals ("BIA"). (ECF No. 7 at 2.)

On January 29, 2026, an IJ denied Petitioner's applications for relief from removal and ordered Petitioner removed to Sudan or, in the alternative, Egypt. (ECF No. 7-3.) Petitioner has appealed this removal order to the BIA. That appeal is pending. (ECF No. 7 at 2.)

On June 4, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On June 10, 2026, Respondent filed a response to the petition. (ECF No. 7.) On June 15, 2026, the assigned district judge denied the motion for TRO. (ECF No. 8.) To date, no reply in support of the petition has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

**A. Due Process**

In the petition, Petitioner challenges his detention on due process grounds, asserting that the government has refused to provide him with a bond hearing. (ECF No. 1 at 6.) Petitioner is subject to discretionary detention under § 1226(a). "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration," and the Ninth Circuit has held that 8 U.S.C. § 1226(a), which "offers substantial procedural protections to detained persons," is not facially unconstitutional. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193–94 (9th Cir. 2022). In Rodriguez Diaz, the Ninth Circuit denied the petitioner's prolonged detention claim and held that due process did not require a second § 1226(a) bond hearing for a petitioner who had been detained for over fourteen months after his first § 1226(a) bond hearing. 53 F.4th at 1207–14. Contrary to Petitioner's assertions, Petitioner was provided a bond hearing on November 21, 2025, and Petitioner has not established that his case is distinguishable from Rodriguez Diaz. Accordingly, the undersigned recommends finding that Petitioner is not entitled to relief on his due process claim.

To the extent Petitioner asserts that the bond hearing he received was defective, the undersigned recommends finding that any claim should be dismissed without prejudice for failure to exhaust administrative remedies because the BIA appeal of the bond decision is still pending. See Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, Leonardo pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision. . . . Once the BIA rendered its decision, Leonardo could have properly pursued habeas relief in the district court[.]").

**B. Motion for Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 10.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

As set forth above, habeas relief is not warranted, and thus, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel. Accordingly, the undersigned will deny Petitioner's motion for appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

\\\

Further, Petitioner's motion for appointment of counsel (ECF No. 10) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 22, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE